IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INTERNATIONAL OUTSOURCING SERVICES, LLC, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 08-70C |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

ANSWER AND COUNTERCLAIM

For its answer to the amended complaint, defendant admits, denies, and alleges as follows:

With respect to the preliminary paragraph entitled "The Parties," denies the allegations contained in the first sentence for lack of knowledge or information sufficient to form a belief as to their truth. Admits the second sentence.

With respect to the preliminary paragraph entitled "Jurisdiction," the allegations contained in this paragraph constitute plaintiff's characterization of its case or conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits.

3. Admits the first sentence of paragraph 3. Admits the second sentence to the extent supported by the contract cited, which is the best evidence of its contents, otherwise denies the second sentence of paragraph 3. Denies the third sentence of paragraph 3.

4. Admits that the contract required plaintiff to sort, handle, invoice, and secure redemption of all valid coupons; denies that IOS secured redemption of all valid coupons; otherwise denies the allegations contained in paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

5. Denies the first sentence of paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the second sentence of paragraph 5.

6. Denies the allegations contained in paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7. Admits the allegations contained in paragraph 7 to the extent supported by the contract at issue, which is the best evidence of its contents, otherwise denies.

8. Admits the allegations contained in paragraph 8 to the extent supported by the referenced documents, which are the best evidence of their contents, otherwise denies the allegations contained in paragraph 8.

9. Denies the allegations contained in the first and second sentences of paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the third sentence of paragraph 9 to the extent supported by the referenced documents, which are the best evidence of their contents, otherwise denies.

10. Denies.

11. Admits the allegations in the first sentence of paragraph 11 to the extent supported by the referenced document, which is the best evidence of its contents, otherwise denies the allegations contained in the first sentence of paragraph 11. Denies the second sentence of paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the referenced document, which is the best evidence of its contents, otherwise denies the allegations contained in paragraph 12.

13. Denies.

14. Admits the allegations contained in paragraph 14 to the extent supported by the referenced document, which is the best evidence of its contents, otherwise denies.

15. Admits the allegations contained in paragraph 15 to the extent supported by the referenced document, which is the best evidence of it contents, otherwise denies.

16. Denies.

17. Admits the allegations contained in paragraph 17 to the extent supported by the referenced documents, which are the best evidence of their contents, otherwise denies.

18. Admits the allegations contained in paragraph 18 to the extent supported by the referenced documents, which are the best evidence of their contents, otherwise denies.

19. Admits the allegations contained in paragraph 19 to the extent supported by the referenced documents, which are the best evidence of their contents, otherwise denies.

20. Admits the allegations contained in paragraph 20 to the extent supported by the referenced documents, which are the best evidence of their contents, otherwise denies.

21. Admits the allegations contained in the first sentence of paragraph 21 to the extent supported by the referenced document, which is the best evidence of it contents, otherwise denies. Denies the second sentence of paragraph 21.

22. Admits the allegations contained in paragraph 22 to the extent supported by the referenced document, which is the best evidence of its contents, otherwise denies the allegations contained in paragraph 22.

23. Admits the allegations contained in paragraph 23 to the extent supported by the contract, which is the best evidence of its contents, otherwise denies.

24. Admits the allegations contained in paragraph 24 preceding the comma to the extent supported by the contract, which is the best evidence of it contents, otherwise denies. Denies the portion of paragraph 24 after the comma.

25. Denies.

26. Denies.

27. Denies.

COUNT ONE

28. Admits that a controversy exists, as set forth more fully in defendant's counterclaim; otherwise the allegations contained in paragraph 28 constitute plaintiff's characterization of its case or conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

29. The allegations contained in paragraph 29 constitute plaintiff's characterization of its case or conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

30. The allegations contained in paragraph 30 constitute plaintiff's characterization of its case or conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

31. The allegations contained in paragraph 31 constitute plaintiff's characterization of its case or conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

32. The allegations contained in paragraph 32 constitute plaintiff's characterization of its case or conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

33. Denies that IOS is entitled to the relief requested in the prayer for relief following paragraph 32, or to any relief whatsoever.

34. Denies each and every allegation not previously admitted or otherwise qualified.

COUNTERCLAIM

1. In 2000, the Army & Air Force Exchange Service ("AAFES") entered into a contract with International Data LLC. International Data LLC later changed its name to International Outsourcing Services LLC ("IOS").

2. The contract provided that IOS, for a fee of $8.45 per 1,000 redeemed coupons, would secure redemption of coupons used by customers at AAFES's retail stores.

3. The contract allowed AAFES to submit the coupons to IOS in packages containing up to $25,000 in coupons. Pursuant to the contract, with each shipment of coupons AAFES would provide IOS with documentation that reflected the applicable fiscal period, the AAFES office submitting the coupons, the quantity of coupons, and the total value of coupons in the shipment.

4. From receipt of a shipment of coupons from AAFES, IOS would have 30 days to examine the coupons, verify the count and face value of the coupons, and pay AAFES the "total

face value of all coupons," subject to certain other adjustments not relevant to this dispute.

5. The contract provided that the risk of loss of coupons passed to IOS upon IOS's receipt of the coupons. On the other hand, if coupons proved to be "unredeemable" when IOS presented them to the manufacturer, for example, if a coupon had expired, the contract allowed IOS to deduct the value of the coupon from future payments to AAFES.

6. The contract provided that AAFES had a right to audit and examine the records of IOS relating to the contract during the period of performance and for three years after final payment.

7. During the course of performance of the contract IOS made improper deductions from payments to AAFES. Some of these deductions contained no explanations, while others were described on IOS's invoice as "REASON 1831." IOS later provided an explanation that "1831" meant "coupon count/value adj (-)." IOS stated that this meant that the manufacturers' counts of the coupons, or calculation of their value, had differed from those of IOS.

8. Upon receiving these 1831 deductions, AAFES on various occasions contacted or met with the manufacturers to discuss why coupons had not been paid. The manufacturers responded that they had no record of the coupon ever having been sent to them by IOS. They requested AAFES provide proof of delivery so that they could determine why they had not paid the coupons.

9. AAFES contacted IOS and asked for proof of delivery for the coupons. Despite the contractual requirement that it make records pertaining to the contract available to AAFES for three years after final payment, IOS informed AAFES that it no longer possessed proof of delivery because it was beyond IOS's document retention period.

10. As a result of IOS's actions, AAFES has suffered damages.

11. By final decision dated February 1, 2007, the AAFES contracting officer determined that IOS owed AAFES $596,865.37.

WHEREFORE, defendant respectfully requests the Court to dismiss the complaint, to enter judgment in favor of defendant upon defendant's counterclaim in an amount of to be determined by the Court, plus interest as permitted by law, and to grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Michael N. O'Connell
MICHAEL N. O'CONNELL
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L St., N.W., 8th floor
Washington, D.C. 20530
Tel: (202) 353-1618
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

MAJOR DARA C. LEAVITT
Assistant General Counsel
- Commercial & Financial Law
HQ AAFES

April 14, 2008

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on this 14th day of April, 2008, a copy of the foregoing "ANSWER AND COUNTERCLAIM" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Michael N. O'Connell