IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INTERNATIONAL OUTSOURCING SERVICES, LLC, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 08-70C |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A, ¶¶ 3-5, of the Rules of the United States Court of Federal Claims, plaintiff, International Outsourcing Services LLC (IOS), and defendant, the United States, submit this joint preliminary status report.

a. Does the court have jurisdiction over the action?

The parties have no reason to question the Court's jurisdiction over this action under 28 U.S.C. § 1491(a) and 41 U.S.C. § 609(a) at the present time.

b. Should the case be consolidated with any other case and the reasons therefor?

The parties agree that this case should not be consolidated with any other case.

c. Should trial of liability and damages be bifurcated and the reasons therefor?

The parties agree that the issues of liability and quantum should not be bifurcated.

d. Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal and the reasons therefor?

The Parties agree that this case should not be deferred.

e. In cases other than tax refund actions, will a remand or suspension be sought and the reasons therefor and the proposed duration?

Neither party seeks remand or suspension.

f. Will additional parties be joined and, if so, a statement describing such parties, their relationship to the case, and the efforts to effect joinder and schedule proposed to effect joinder?

Neither party intends to join additional parties at this time.

g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, a schedule for the intended filing?

While neither party currently intends to file any dispositive motions, both parties reserve the right to file a dispositive motion deemed meritorious upon completion of discovery.

h. What are the relevant factual and legal issues?

Plaintiff respectfully submits that the relevant factual issues are as follows:

1. What evidence exists, if any, to support AAFES' contention that IOS' chargeback deductions (a) did not mirror amounts not paid by tobacco manufacturers; (b) were inaccurate, or (c) were otherwise not in accord with Contract Clause 4(a)?

2. Where contract performance ended in June of 2004, what was the factual bases, if any, for the AAFES Contracting Officer's widely differing written demands to IOS (a) first in the amount of $213,000 (October 20, 2004); (b) then in the amount of $316,903 (April 7, 2005); (c) then in the amount of $913,768 (February 22, 2006); and (d) finally, in the amount of $596,865 (February 1, 2007)?

3. What evidence, if any, exists to support AAFES contention that IOS lost any coupons (Contracting Officer's February 1, 2007 Final decision)?

Plaintiff respectfully submits that the relevant legal issues are as follows:

1. Did Contract Clause 4(a) expressly entitle IOS to deduct from subsequent payments to AAFES, amounts (i.e., "chargebacks"), not paid over to IOS by the tobacco and other manufacturers in question? ("4(a) If the contractor is unable to obtain payment from the issuing manufacturer, AAFES authorizes the contractor to deduct the value of such coupons due from subsequent payments.")

2. Did IOS satisfy it's contractual duty to notify AAFES of manufacturer charge backs?

3. Did AAFES satisfy its contractual duty to provide IOS notice, if and when AAFES was not satisfied upon receipt of written, IOS-coded manufacturer chargebacks, in order to give IOS a timely opportunity to seek redress from the manufacturer in question?

Defendant respectfully submits that the relevant factual issues are as follows:

1. What were the events that led up to the IOS coupon charge backs to the Government;

2. When AAFES submitted charge backs to the Government, whether, in the absence of a physical coupon, it submitted a statement from the issuing manufacturer regarding the redemption of such coupon.

3. What was the value of coupons that IOS charged back to the Government;

4. What explanations did IOS provide the Government for the charge backs; and

5. What amount of the charge backs did the Government recover from third parties.

Defendant respectfully submits that the relevant legal issues are:

1. Whether the IOS charge backs complied with the contract; and

2. Which party bore the risk of loss for the events that led up to the charge backs.

i. What is the likelihood of settlement? Is alternative dispute resolution contemplated?

Parties have engaged in preliminary settlement discussions, and are committed to further discussions. Parties respectfully submit that it is not possible to predict the outcome of such discussions. Defendant is examining its own records and may seek to engage in preliminary discovery before it is able to appropriately address its settlement position. Parties have not discussed alternative dispute resolution, but will endeavor to fully discuss and report to the Court if they wish to engage in alternative dispute resolution.

j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling and, if so, the reasons why the case is appropriate therefore?

Unless a settlement is reached, Parties anticipate proceeding to trial. Neither party requests an expedited trial.

k. Are there special issues regarding electronic case management needs?

At the present time, Parties know of no special issue as to electronic case management needs.

l. Is there other information of which the court should be aware at this time?

Parties are unaware of any additional information that should be brought to the Court's attention at this time.

PROPOSED DISCOVERY PLAN

| Date | Event |
|---|---|
| 3/31/09 | Conclusion of all non-expert discovery |
| 4/30/09 | Disclosure of IOS's expert report(s) |
| 5/29/09 | Disclosure of defendant's expert report(s) |
| 7/31/09 | Conclusion of expert depositions |

Respectfully submitted,

s/ David T. Hickey
DAVID T. HICKEY
JOE R. REEDER
Greenberg Traurig, LLP
2101 L Street, NW
Suite 1000
Washington, DC 20037
Tel: (202) 331-3159

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

Attorneys for Plaintiff, International Outsourcing Services, Inc. (IOS)

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Michael N. O'Connell
MICHAEL N. O'CONNELL
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L St., N.W., 8th floor
Washington, D.C. 20530
Tel: (202) 353-1618
Fax: (202) 514-8624

June 20, 2008

Attorneys for Defendant