# In the United States Court of Federal Claims

No. 08-70 C

(E-Filed: December 16, 2010)

|  |  |  |
|---|---|---|
| HIGHQBPO, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) | Substitution of Chapter 11 Plan Trustee as Plaintiff under Rule 25 of the Rules of the United States Court of Federal Claims |
| Plaintiff, |  |  |
| v. |  |  |
| THE UNITED STATES, |  |  |
| Defendant. |  |  |

David T. Hickey, McLean, VA, for plaintiff.

Michael N. O'Connell, Jr., United States Department of Justice, Washington, DC, for defendant.

OPINION AND ORDER

     Before the court is Robert Sandoval, Plan Trustee's Motion to Substitute Robert Sandoval, Plan Trustee as Plaintiff Pursuant to Rule 25 of the Federal Rules of Civil Procedure (Motion).  Substitution of parties is governed by Rule 25 of the Rules of the United States Court of Federal Claims.  In his Motion, Robert Sandoval states that he is the appointed Chapter 11 Plan Trustee in the bankruptcy case In re HighQ BPO, LLC, f/k/a International Outsourcing Services, LLC, Case No. 09-30511-LMC (Bankr. E.D. Tex.) (the HighQ Bankruptcy).  Motion 2.  Pursuant to the Settlement Order in the HighQ Bankruptcy, the Plan Trustee is authorized to seek dismissal of this case.  Motion 3.  Based on the representations contained in the Motion and because the substitution of a trustee in bankruptcy for a bankruptcy plaintiff has been found to be within the discretion of the trial court in similar circumstances, see Bauer v. Commerce Union Bank,

Clarksville, Tennessee, 859 F.2d 438, 441-42 (6th Cir. 1988) (interpreting Rule 25 of the Federal Rules of Civil Procedure[1]), the Motion is GRANTED.

    IT IS SO ORDERED.

                                              s/ Emily C. Hewitt
                                              EMILY C. HEWITT
                                              Chief Judge

---

[1] The Rules of the United States Court of Federal Claims (RCFC) generally mirror the Federal Rules of Civil Procedure (FRCP). Champagne v. United States, 35 Fed. Cl. 198, 205 n.5 (1996) ("In general, the rules of this court are closely patterned on the [FRCP]. Therefore, precedent under the [FRCP] is relevant to interpreting the rules of this court . . ."); see also C. Sanchez & Son, Inc. v. United States, 6 F.3d 1539, 1541 n.2 (Fed. Cir. 1993) ("The [RCFC] generally follow the [FRCP]."). Therefore, the court relies on cases interpreting FRCP 25 as well as those interpreting RCFC 25.